UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christine Margaret Thompke, | ) C/A No. 2:07-2648-TLW-TER |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| County of Berkeley, South Carolina; | ) |
| Arresting Officer R. G. Elliott, II; | ) |
| Primary Owner/Operator, Herron's Auto Repair | ) |
| and 24 Hour Towing; | ) |
| Director /Acting Director, Hill-Finklea Detention Center; | ) |
| Primary Owner/Operator, A Bail For You; | ) |
| Assistant Solicitor Blair C. Jennings; | ) **Report and Recommendation** |
| Family Court, Clerk of Court Mary P. Brown; and | ) |
| Arresting Officer FNU Poirier, | ) |
| Defendants. | ) |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under Local Rule 73.02(B)(2) pretrial proceedings in this action have been automatically referred to the assigned United States Magistrate Judge. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

1

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Background

Plaintiff's complaint claims various civil rights violations to include false arrest and false imprisonment. The alleged violations are connected to two "police-related incidents" which occurred on December 24, 2003, and July 28, 2004. On December 24, 2003, Plaintiff states she was wrongfully stopped and wrongfully arrested by Officer R. G. Elliott, II, of the South Carolina Highway Patrol. On July 28, 2004, Plaintiff was apparently stopped and arrested by Officer Poirier, an "agent" of the City of Myrtle Beach, South Carolina. Plaintiff claims both officers caused grief and suffering in her life. Plaintiff further indicates that the two arrests "are connected to each other [and] also to other prior Wrongful Arrests and Imprisonments of me in the State of South Carolina, beginning . . . on Sunday 30 December 2001."[1]

Plaintiff mentions Defendant Hill-Finklea Detention Center on page two of her complaint, alleging she was "forced to appear in person" for a court hearing on August 2, 2004. The body of Plaintiff 's complaint makes no direct reference to any of the other Defendants listed in the case's caption. However, Plaintiff states she considers "them all to be part of the group that has caused me serious damages." (Complaint, page 3.)

Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under

---

[1] Plaintiff has filed four previous cases with this Court alleging false arrest and false imprisonment related to traffic stops in South Carolina. *See* C/A No. 4:05-022-TLW-TER; C/A No. 4:05-309-TLW-TER; C/A No. 4:05-452-TLW-TER; and C/A No. 3:07-1079-TLW-TER.

the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint *sub judice* fails to assert any personal involvement by and contains no factual allegations against the following Defendants: County of Berkeley, South Carolina; Primary Owner/Operator, Herron's Auto Repair & 24 Hour Towing (Herron's Auto Repair); Primary Owner/Operator, A Bail For You (A Bail For You); Assistant Solicitor Blair C. Jennings (Jennings); and Family Court, Clerk of Court Mary P. Brown (Brown). The complaint's general claim that these Defendants caused Plaintiff serious damages does not state a claim under § 1983. In addition, although Plaintiff directly names Defendants R. G. Elliott, II., Poirier, and Director/Acting Director of Hill-Finklea Detention Center in the body of her complaint, she fails to include sufficient factual allegations against these Defendants.

While the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove her case as an evidentiary matter in the complaint, she must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff." *Ross v. Meagan*, 638

4

F.2d 646, 650 (3d Cir. 1981). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). As Plaintiff fails to provide sufficient facts against the Defendants to support her civil rights claims, the complaint fails to state a claim upon which relief may be granted under § 1983, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition, several of the named Defendants in Plaintiff's case are entitled to summary dismissal on other grounds. As mentioned previously, in order to maintain a § 1983 action, a plaintiff must allege that the defendants deprived him or her of a federal right under color of state law. *West v. Atkins*, 487 U.S. at 48. However, Plaintiff's complaint fails to connect Defendants Herron's Auto Repair and A Bail For You, which appear to be private companies, to any state action.[2] Thus, these two Defendants are not amenable to suit under § 1983.

Defendants Jennings and Brown are also entitled to dismissal from Plaintiff's case. Defendant Jennings, an Assistant Solicitor, has absolute immunity insofar as any prosecutorial actions in a criminal case are concerned. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. CONST. art. V, § 24; S.C. CODE ANN. § 1-7-310 (1976). Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Therefore any claims the Plaintiff may be attempting to raise regarding Defendant Jennings

---

[2] Plaintiff is a resident of Michigan, therefore, there may be a basis for Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). However, Plaintiff fails to include a request for relief in her complaint, thus, it is unclear whether Plaintiff's allegations would be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case.

prosecution of a criminal case, resulting from Plaintiff's alleged false arrest/false imprisonment, are barred from suit under § 1983.

Likewise, Defendant Brown is also immune from suit. Clerks of Court, though elected by the voters of a county, are also part of the State of South Carolina's unified judicial system. *See* S.C. Const. art. V, § 24; S.C. Code Ann. §§ 14-1-40, 14-17-10. The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601(7th Cir. 1992), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989). *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel). *Cf. Pink v. Lester*, 52 F.3d 73 (4th Cir.1995) (overruling *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972), which held that clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings). Plaintiff fails to allege how Defendant Brown is involved in this action. However to the extent Plaintiff's claims are based on the manner in which Defendant Brown performed official duties, this Defendant is protected by the doctrine of quasi-judicial immunity.

Finally, Plaintiff has failed to request any relief or suggest to this Court any remedy for the alleged violations. Were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion. Such action is barred by Article III of the Constitution. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Boston Chapter, NAACP v. Beecher*, 716 F.2d 931, 933 (1st Cir. 1983); *Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions). The Tenth Circuit Court of Appeals

faced an analogous situation in *Public Service Co. v. EPA*, 225 F.3d 1144 (10th Cir. 2000). In that case, addressing the plaintiff's failure to request specific relief, the court stated,

> This court would violate Article III's prohibition against advisory opinions were it to do that which [the plaintiff] requests, *i.e.*, issue a mere statement that the EPA's interpretation and application of the law was incorrect without ordering some related relief.

*Id.* at 1148 n. 4 (citing *United States v. Burlington N. R.R. Co.*, 200 F.3d 679, 699 (10th Cir. 1999)). *Cf. James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996)(holding that, if the court were barred from granting the requested relief, its decision "would be an advisory opinion barred by Article III of the Constitution"). It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In absence of a request for relief from Plaintiff, the complaint filed in this case is frivolous and subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

                                                s/Thomas E. Rogers, III

August 24, 2007                            Thomas E. Rogers, III
Florence, South Carolina              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).